NO. 07-05-0107-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 17, 2006
_____

MICHAEL LOU GARRETT,

Appellant

v.

MARIO A. DEL FIERRO, et al.,

Appellees
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 91,954-B; HON. JOHN B. BOARD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Michael Lou Garrett (Garrett) appeals from an order dismissing his lawsuit against Mario A. Del Fierro, and numerous other defendants. A prison inmate, Garrett sued as a pauper averring "multiple civil rights causes of action." Through the five issues before us, he contends that the trial court abused its discretion in dismissing his suit and denying him sanctions. We overrule the issues and affirm the dismissal.

An inmate attempting to access the state trial courts of Texas as a pauper must clear various statutory hurdles. One such hurdle involves exhausting administrative remedies and filing suit within 31 days after receiving the written decision from the pertinent grievance system. TEX. CIV. PRAC. & REM. CODE ANN. §14.005(b) (Vernon 2002). Should that deadline go unsatisfied, then the trial court must dismiss the claim. *Id.* Here, Garrett concedes that he did not file suit until 54 days had lapsed from the time he received the written decision of the body that considered his grievance. Thus, he did not comply with §14.005(b), and dismissal was warranted. Moreover, his suggestion that the provision was inapplicable because his suit propounded federal causes of action and only the State's general statute of limitations applied to such causes matters not. Simply put, §14.005(b) is not a statute of limitations but rather one step in a procedure used in determining whether an inmate can sue as a pauper. *Doyle v. Lucy*, No. 14-03-0039-CV, 2004 Tex. App. LEXIS 2790 (Tex. App.–Houston [14th Dist.] March 30, 2004, no pet.) (not designated for publication) (holding that the statute is not one of limitations). Consequently, Garrett's postulations about statutes of limitation are inapposite.

Next, Garrett argues that the trial court abused its discretion in acting upon the motion to dismiss without affording him opportunity to respond to it. Assuming *arguendo* that such was error, we find it harmless given his concession that suit was filed outside the 31-day window mentioned above.

As to the issue that the trial court abused its discretion in failing to sanction the defendants, we note that they were the prevailing party below. Not only did the trial court grant their motion to dismiss, but we have found that decision to be an act legitimately

2

within the trial court's discretion. Given this, any decision to forego sanctioning the defendants for purportedly filing a baseless motion lay within the trial court's discretion.

To reiterate, we overrule each issue raised by Garrett and affirm the order of dismissal.

Brian Quinn
Chief Justice